## Lauer *v.* Haag et al., Appellants.

*Practice, C. P.—Affidavit of defense—Counterclaim—Service of counterclaim at trial—Act of May 14, 1915, P. L. 483—Discretion —Extension of time for service.*

1. Where defendants have set up a counterclaim in their affidavit of defense to an amended statement, and plaintiff files a

reply but does not serve it before the trial, he may be permitted to serve a copy of the same in open court at the trial, after the jury is sworn, and before defendants' motion for judgment on their counterclaim for nonservice of a reply, has been reduced to writing.

2. There is special reason for allowing such service, where it appears that defendants had set up substantially the same counterclaim in an affidavit of defense filed to the original statement, and this had been replied to by plaintiff.

3. Where the court has extended the time for filing a service of a pleading, as authorized by the Act of May 14, 1915, P. L. 483, the appellate court will not reverse its action, where no abuse of discretion is shown.

Argued September 26, 1922. Appeal, No. 66, Oct. T., 1922, by defendants, from order of C. P. Jefferson Co., Jan. T., 1921, No. 1921, No. 81, refusing motion for judgment on defendants' counterclaim, in case of John W. Lauer v. J. B. Haag et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Motion for judgment on defendants' counterclaim because of failure of plaintiff to serve copy of reply to same. Before CORBET, P. J.

The opinion of the Supreme Court states the facts.

Motion refused. Defendants appealed.

*Error assigned* was order refusing motion, quoting record.

*Charles J. Margiotti,* for appellants.

*Raymond E. Brown,* of *Brown & Means,* with him *W. N. Conrad,* were not heard.

PER CURIAM, October 20, 1922:

This is an action of assumpsit on a claim for drilling gas and oil wells. The only assignment of error relates to the validity, under the Practice Act of May 14, 1915,

P. L. 483, of an order of the court below, refusing to grant a motion of defendants for judgment on a counterclaim.

The original statement of claim was filed November 30, 1920, and duly served on defendants, who, December 18, 1920, filed and properly served an affidavit of defense, setting up a counterclaim of $2,501.40; to this, plaintiff filed a reply on December 28, 1920. Subsequently, by leave of court, plaintiff amended his statement of claim, which was filed in its revised form on August 29, 1921, and served the same day, on defendants, with notice to file an affidavit of defense, as required by the Practice Act. Although defendants' counsel accepted service of the amended statement, as of September 22, 1921, the affidavit of defense to it, and the accompanying counterclaim, were not filed until October 14, 1921, and were never properly served on plaintiff. A reply to the counterclaim was filed on the date last mentioned; but, up to the time of trial, plaintiff had failed to serve a copy of it on defendants.

On November 14, 1921, after the jury was sworn, defendants orally moved for judgment on their counterclaim, because they had not been legally served with a reply thereto. Straightway, plaintiff, in open court and before the defendants' motion was reduced to writing, served on them a copy of his reply. The court allowed the service and suggested to defendants that they might move for a continuance if they felt they could not proceed with the trial; but they preferred to try the case at once.

In its order denying defendants' motion, and recognizing as valid the service, at the trial, of plaintiff's reply to defendants' counterclaim, the court below stated the reasons which caused it to so exercise its discretion, as follows: the motion was not made until the jury had been sworn; there was service before the presentation of a written motion; and, finally, defendants had set up substantially the same counterclaim in their

original affidavit of defense, filed December 18, 1920, which had been properly served, and replied to by plaintiff.

The Practice Act of May 14, 1915, P. L. 483, 487, by section 22, provides that "The court, in its discretion, upon motion and notice to the opposite party, or his attorney, may extend the time fixed by this act for the filing or service of any pleading."

We cannot say that the court below abused its discretion in the present instance; therefore, no reversible error appears.

The appeal is dismissed.